IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIE HENRY, III | § | |
| VS. | § | CIVIL ACTION NO. 1:11cv296 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Willie Henry, III, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration pursuant to applicable orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be dismissed as barred by the applicable statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the records, pleadings and all available evidence. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections.

Petitioner concedes his petition is untimely, but argues his untimeliness should be excused as he is actually innocent of the offense for which he was convicted. However, claims of actual innocence do not preclude dismissal of a petition as untimely. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cr, 2000); *see also Cousin v. Lessing*, 310 F.3d 843, 849 (5th Cir. 2002).[1]

### ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and

---

[1] The filing of a state application for writ of habeas corpus tolls the running of the period of limitations. In his petition, petitioner only identified one state application that he had previously filed. In calculating the running of the period of limitations, the magistrate judge tolled the running of the period of limitations during the period which this application was pending. In his objections, petitioner identified two additional state applications. The second state application was filed on September 1, 2010, and dismissed on September 29, 2010, while the third application was filed on December 10, 2010, and dismissed on January 12, 2011. Even after tolling is applied for the period during which the second and third state applications were pending, the current petition is still untimely.

conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment shall be entered dismissing the petition.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 583-84 (2000); *Elizalde v. Dretke*, 363 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing the petitioner need not demonstrate that he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, the petitioner has not shown that the issues of whether his claims are meritorious is subject to debate among jurists of reason or that whether or not his claims are barred by the applicable statute of limitations is subject to debate. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**SIGNED** this the 26 day of **August, 2011.**

_____
Thad Heartfield
United States District Judge